## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

            **Plaintiff,**

    **vs.**

**CHRISTOPHER R SEALS**

            **Defendant.**

**CASE NUMBER: 1:13CR46-001**

**USM Number: 12950-027**

**MICHELLE F KRAUS**
**DEFENDANT'S ATTORNEY**

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** was found guilty on Counts One (1), Two (2) and Three (3) of the Indictment following trial by jury on 9/16 – 9/19/2014.

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Numbers |
|---|---|---|
| 18:2113(a) and (d): ARMED BANK ROBBERY; 18:2: AIDING AND ABETTING | February 14, 2013 | 1 |
| 18:924(c): USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE | February 14, 2013 | 2 |
| 18:922(g)(1): FELON IN POSSESSION OF A FIREARM | February 14, 2013 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

February 23, 2015
_____
Date of Imposition of Judgment

s/ Theresa L. Springmann
_____
Signature of Judge

Theresa L. Springmann, United States District Judge
_____
Name and Title of Judge

February 23, 2015
_____
Date

Defendant: CHRISTOPHER R SEALS                                                                                      Page 2 of 6
Case Number: 1:13CR46-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred eighty-eight (188) months as to Count One (1); eighty-four (84) months as to Count Two (2) to be served consecutively to Counts One (1) and Three (3); and one hundred twenty (120) months as to Count Three (3) to be served concurrent to Count One (1).**

The Court makes the following recommendations to the Bureau of Prisons:

    1.   That the defendant be incarcerated at the federal facility located as close to Atlanta, Georgia, as possible.

    2.   That the defendant be evaluated for enrollment in a General Equivalency Degree Preparation Program (GED).

The defendant is remanded to the custody of the United States Marshal.


## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                  _____

                                  UNITED STATES MARSHAL

                              By: _____

                                  DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **two (2) years as to Count One (1); two (2) years as to Count Two (2); two (2) years as to Count Three (3), all counts to be served concurrently.**

## CONDITIONS OF SUPERVISED RELEASE

**While the defendant is on supervised release pursuant to this Judgment, the defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall refrain from any unlawful use of a controlled substance.

4. The defendant shall submit to a drug test within 15 days of release on supervision.

5. The defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The defendant shall cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2002, 42 U.S.C. § 14135a.

**In addition, while the defendant is on supervised release pursuant to this Judgment, the defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)–(23) and 3583(d):**

7. The defendant shall remain within the jurisdiction of the court, unless granted permission to leave by the Court or a probation officer.

8. The defendant shall report to the probation officer as directed by the Court or the probation officer.

9. The defendant shall answer inquiries by a probation officer pertaining to his supervision and notify the probation officer within 48 hours of any change in residence or change of employer.

10. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

11. The Defendant shall support his dependent as required by law. Failure to pay child support shall not be grounds for imprisonment as a violation of these conditions of supervised release.

12. The defendant shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession

3

Defendant: CHRISTOPHER R SEALS
Case Number: 1:13CR46-001

or territory of the United States, requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

13. The Defendant shall make restitution to the victim of the offense under 18 U.S.C. § 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)), as follows:

    PNC Bank $96,534.37

14. The defendant shall maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, childcare, eldercare, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the defendant for employment at a lawful occupation.

15. The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged, or is planning to be engaged, in criminal activity.

16. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

17. The defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

18. The defendant shall permit a probation officer to visit him at home, place of employment, or at a counseling or treatment center between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the court to allow for an alternative time period or place for the visit.

**In addition, while the defendant is on supervised release pursuant to this Judgment, the defendant shall comply with the following discretionary conditions as provided by U.S.S.G. §5D1.3:**

19. The defendant shall not physically, voluntarily, and intentionally be present at a place that he knows or has reason to know that controlled substances are illegally sold, used, manufactured, distributed, or administered.

20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

21. The Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the Defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

22. The Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663A and 3664. The Defendant's default on the payment of restitution may result in revocation and penalties being ordered under 18 U.S.C. § 3613A.

23. The Defendant shall pay the special assessments imposed in accordance with 18 U.S.C. § 3013. The Defendant's default on the payment of the special assessments may result in revocation and penalties being ordered under 18 U.S.C. §§ 3013(b) and 3613.

Defendant: CHRISTOPHER R SEALS
Case Number: 1:13CR46-001

24. The Defendant shall provide a probation officer with specific financial information regarding the Defendant's ability to pay restitution, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the Defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the Defendant's current ability to pay.

25. Within the first year of supervision, the Defendant shall participate in the General Equivalency Degree (GED) Preparation Course.

The defendant is advised that, pursuant to 18 U.S.C. §3583(e)(2), his non-mandatory conditions of supervision are subject to modification where appropriate. Modification may be requested by the defendant or the probation officer upon written request. Such modification may be requested in light of any changed circumstances. A request for a modification may require a hearing before the Court.

## CRIMINAL MONETARY PENALTIES

The Court **ORDERS** the defendant to pay restitution to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately, to be disbursed to the following victim:

PNC Bank   $96,534.37

The restitution obligation shall be paid in joint and several liability with the following related defendant:

Deyante Stephens          Case No.: 1:13CR48-1

The Court finds that the defendant does not have the ability to pay interest and waives the imposition of interest in this case due to the defendant's inability to pay.

The Court **ORDERS** the defendant to pay the special assessments of $300 ($100 per count) U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the defendant's inability to pay.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $300 | NONE | $96,534.37 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   Lump sum payment of $96,834.37 due immediately; in accordance with B and C below;

B.   Payment to begin immediately; in accordance with C below;

C.  Restitution shall be paid at a minimum rate of $50.00 per month commencing 30 days after placement on supervision until said amount is paid in full.

The defendant may make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.  Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution.