NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 29, 2017[*]
Decided January 8, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

REBECCA R. PALLMEYER, *District Judge*[†]

| | |
|---|---|
| No. 17-2118 | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| v. | |
| CHRISTOPHER R. SEALS, *Defendant-Appellant*. | No. 13-cr-46 Theresa L. Springmann, *Chief Judge*. |

### Order

Our prior decision affirmed Seals's convictions but remanded for resentencing. 813 F.3d 1038 (7th Cir. 2016). Seals was resentenced to 205 months

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

[†] Of the Northern District of Illinois, sitting by designation.

in prison (67 months fewer than before) and two years' supervised release. He was also ordered to pay $96,534.37 in restitution.

His lead argument on this successive appeal is that the award of restitution is $1,231 too high, because the FBI holds cash in that amount that should be treated as part of the loot he stole from PNC Bank. If the FBI transfers this cash to the Bank, the amount owed as restitution will be correspondingly reduced.

In the district court Seals did not object to the presentence report's recommendation that restitution be set at $96,534.37. He nevertheless now maintains that this amount is plain error. If the FBI acknowledged that the $1,231 is the Bank's money, then Seals would be right. But the FBI maintains that the money cannot reliably be treated as the Bank's. When found in Seals's car five weeks after the robbery, it lacked any wrapping or other markings suggesting origin or ownership. Nor can the cash be given to Seals, who has never claimed that it is his. At an earlier stage of this case, Seals denied that the $1,231 came from PNC Bank. (This was part of his strategy to win an acquittal.) He observes that the district court did not hold an evidentiary proceeding to determine who owns the $1,231. But there's a simple reason: no one asked. It can't be plain error not to hold a hearing that none of the litigants wanted. Seals has had two sentencing proceedings; he is not entitled to a third.

Seals also contends that the district judge may have imposed sentence in a mistaken belief that she was forbidden to take his firearms conviction under 18 U.S.C. §924(c) into account when deciding how long a consecutive sentence was appropriate for the bank robbery. The Supreme Court held in *Dean v. United States*, 137 S. Ct. 1170 (2017), that a judge may consider the length of the sentence under a statute such as §924(c) that requires a consecutive sentence when deciding on the appropriate length of other components of a sentencing package. Seals surmises that the district judge may have misunderstood this principle.

Yet Seals does not point to anything the judge said or wrote suggesting that she *did* misunderstand the extent of her discretion. She sentenced Seals six weeks after the Supreme Court released its opinion in *Dean*; there is no reason to suppose that she was unaware of it and no reason to think that she wanted to give Seals a lower sentence but felt unable to do so. The most one could say— indeed, all that Seals does say—is that when pronouncing sentence the judge did not refer to *Dean*. That's hardly surprising. Judges generally discuss the arguments made to them, and Seals did not rely on *Dean* when arguing for a

lower sentence. It is enough for district judges to discuss the principal arguments presented by the litigants; they need not address all legal rules that might (or might not) affect a given sentence.

AFFIRMED

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

### FINAL JUDGMENT

January 8, 2018

Before:

FRANK H. EASTERBROOK, Circuit Judge
DAVID F. HAMILTON, Circuit Judge
REBECCA R. PALLMEYER, District Court Judge*

| | |
|---|---|
| No. 17-2118 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>CHRISTOPHER R. SEALS, Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:13-cr-00046-TLS-MGG-1<br>Northern District of Indiana, Fort Wayne Division<br>District Judge Theresa L. Springmann | |

The judgment of the District Court is **AFFIRMED** in accordance with the decision of this court entered on this date.

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

* Of the Northern District of Illinois, sitting by designation.

form name: c7_FinalJudgment(form ID: 132)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

January 30, 2018

To:     Robert N. Trgovich
        UNITED STATES DISTRICT COURT
        Northern District of Indiana
        Fort Wayne , IN 46802-0000

|  | |
|---|---|
| No. 17-2118 | UNITED STATES OF AMERICA, <br> Plaintiff - Appellee <br><br> v. <br><br> CHRISTOPHER R. SEALS, <br> Defendant - Appellant |
| **Originating Case Information:** ||
| District Court No: 1:13-cr-00046-TLS-MGG-1 <br> Northern District of Indiana, Fort Wayne Division <br> District Judge Theresa L. Springmann ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

This notice sent to:

[X]     United States Probation Officer

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                    **Received by:**

_____                    _____

form name: **c7_Mandate**(form ID: **135**)