**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.

CHRISTOPHER R SEALS,

CASE NO. 1:13-CR-46-HAB-MGG

## OPINION AND ORDER

The Defendant, Christopher R. Seals ("Seals"), is serving a sentence for armed bank robbery, 18 U.S.C. § 2113(a) and (d), brandishing, carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g). At the time he committed this offense, Seals was days' shy of his twenty-second birthday. Before the Court are two *pro se* Motions for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (ECF Nos. 186, 187). Both motions ask for the same relief, a reduction in the Defendant's sentence based upon Amendment 829 of the United States Sentencing Guidelines. For the reasons set out below, the Defendant's Motions for Sentence Reduction are both denied.

## DISCUSSION

### a. Procedural Background

Following a Valentine's Day 2013 bank robbery by Seals and his two accomplices Seals was charged in a three-count indictment with armed bank robbery (Count 1), brandishing (or using or carrying) a firearm during the bank robbery (Count II) and illegally possessing a firearm as a convicted felon (Count 3). Surveillance video showed all three robbers armed with handguns. Video further revealed that Seals, while gathering money under the bank's control, dropped his gun behind the teller line. The gun was eventually recovered by the authorities and Seals' DNA

was recovered from the ammunition of the firearm. Seals proceeded to trial and was convicted of all counts. The jury specifically found as to Count 2 that Seals brandished, carried, and used a firearm during and in relation to a crime of violence.

Thereafter, the Court sentenced Seals to 188 months imprisonment on Count 1, a consecutive 84 months of imprisonment on Count 2 and a concurrent 120 months on Count 3. Seals filed a direct appeal challenging the trial testimony and several of the guideline enhancements. *United States v. Seals,* 813 F.3d 1038, 1043-48 (7th Cir. 2016). The Seventh Circuit upheld Seals' conviction but remanded for resentencing relating to two of Seals' guideline challenges.  On May 16, 2017, the Court re-sentenced Seals to 121 months imprisonment on Count 1, a consecutive 84 months on Count 2, and a concurrent 120 months on Count 3. Seals filed a second direct appeal, which the Court of appeals decided on January 8, 2018. *United States v. Seals,* 708 Fed.App'x. 286 (7th Cir. 2018).

**b.  Analysis**

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." The Court's authority to reduce a sentence under this provision is not without limit, however, as the Court can only reduce a qualifying term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Moreover, the Court should "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" before granting a sentence reduction. *Id.*

Here, Seals asks the Court to reduce his term of imprisonment based on Amendment 829 to the United States Sentencing Guidelines. Amendment 829 updated the policy statement in

U.S.S.G. § 5H1.1 to address a "defendant's youthfulness at the time of the offense or prior offenses," noting that "[a] downward departure [ ] may be warranted" because of a defendant's youthfulness. Amendment 829 also identified "[c]ertain risk factors" that "may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems." U.S.S.G. § 5H1.1. Although Seals was in his early twenties at the time he committed his offenses, Amendment 829 is not a basis for reducing his sentence because such a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Specifically, the policy statement in U.S.S.G. § 1B1.10(a)(2)(A) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... none of the amendments listed in subsection (d) is applicable to the defendant." Subsection (d) of U.S.S.G. § 1B1.10 in turn outlines the amendments "covered by this policy statement." Amendment 829 is not included in that list. *See* U.S.S.G. § 1B1.10(d). *See United States v. Lykes,* 73 F.3d 140, 142 n.1 (7th Cir. 1995) (to qualify a defendant for relief under § 3582(c)(2), a favorable guidelines change must have been promulgated after sentencing and made retroactive by U.S.S.G. § 1B1.10). Because Amendment 829 does not retroactively apply to the defendant's case, it is not a ground on which the Court could reduce his sentences under 18 U.S.C. § 3582(c)(2). *United States v. Sullivan*, 2026 WL 959170, at *1 (S.D. Ind. Apr. 8, 2026) (finding Amendment 829 not made retroactive); see also, *United States v. Parrot*, 2025 WL 995398, at *2 (S.D.N.Y. April 3, 2025) (collecting cases). Accordingly, the relief Seals seeks is not available to him.

**CONCLUSION**

Based on the above, Defendant's motions for sentence modification (ECF Nos. 186, 187) are DENIED.

SO ORDERED on July 27, 2026.

*s/ Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT